FILED'05 AUG 22 13:56 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


BRIAN JAY ORUETA,

        Petitioner/Defendant,                      Crim. No.03-542-HA
                                                                     Civil No. 05-747-HA

v.

                                                                     ORDER

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.

---

HAGGERTY, Chief Judge:

Petitioner filed a motion titled "Motion for Order of Writ of Habeas Corpus to Vacate Sentence of Supervised Release" on May 13, 2005 (CR 03-542, Doc. #48; CV 05-

1 - ORDER

747; Doc. #1). The court construes this motion as one to vacate the imposed sentence under 28 U.S.C. § 2255. For the following reasons, this motion is denied.

In December 2003, petitioner/defendant Brian Jay Orueta (defendant) was indicted for one count of bank robbery under 18 U.S.C. § 2113(b), and on October 1, 2004, defendant entered a plea of guilty. Pursuant to the plea agreement, defendant assented to waive his right to appeal and to waive all Section 2255 claims, with the exception of ineffective assistance of counsel. Defendant was sentenced on December 16, 2004, to forty-eight months imprisonment, followed by a three-year term of supervised release.

Defendant brings the pending motion challenging this court's authority to direct him to participate in a substance abuse treatment program as a condition of his supervised release. In addition to breaching the plea agreement not to bring a Section 2255 motion, defendant's motion fails on the merits. Pursuant to 18 U.S.C. § 3563(b)(7) and (9), this court has the discretion to order, as a condition of supervised release, a defendant to "refrain from excessive use of alcohol or any use of a narcotic drug or other controlled substance" and "undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, as specified by the court . . . ." The district court may impose these conditions as long as they are reasonably related to pertinent factors such as the nature and circumstances of the offense, the defendant's relevant drug history, the need to adequately deter criminal conduct, and the desire to provide the defendant with appropriate correctional treatment. *United States v. Bahe*, 201 F.3d 1124, 1134 (9th Cir. 2000) (citations omitted).

747; Doc. #1). The court construes this motion as one to vacate the imposed sentence under 28 U.S.C. § 2255. For the following reasons, this motion is denied.

In December 2003, petitioner/defendant Brian Jay Orueta (defendant) was indicted for one count of bank robbery under 18 U.S.C. § 2113(b), and on October 1, 2004, defendant entered a plea of guilty. Pursuant to the plea agreement, defendant assented to waive his right to appeal and to waive all Section 2255 claims, with the exception of ineffective assistance of counsel. Defendant was sentenced on December 16, 2004, to forty-eight months imprisonment, followed by a three-year term of supervised release.

Defendant brings the pending motion challenging this court's authority to direct him to participate in a substance abuse treatment program as a condition of his supervised release. In addition to breaching the plea agreement not to bring a Section 2255 motion, defendant's motion fails on the merits. Pursuant to 18 U.S.C. § 3563(b)(7) and (9), this court has the discretion to order, as a condition of supervised release, a defendant to "refrain from excessive use of alcohol or any use of a narcotic drug or other controlled substance" and "undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency, as specified by the court . . . ." The district court may impose these conditions as long as they are reasonably related to pertinent factors such as the nature and circumstances of the offense, the defendant's relevant drug history, the need to adequately deter criminal conduct, and the desire to provide the defendant with appropriate correctional treatment. *United States v. Bahe*, 201 F.3d 1124, 1134 (9th Cir. 2000) (citations omitted).

The pre-sentence report reviewed by this court in imposing defendant's sentence indicates that defendant has a substantial history of narcotic abuse. Aided by this report, the court exercised its discretion to impose substance abuse treatment and counseling as a condition of defendant's supervised release. This discretion was exercised well within the bounds of controlling law. Defendant's motion is denied.

**CONCLUSION**

For the foregoing reasons, defendant's motion (CR 03-542, Doc. #48; CV 05-747; Doc. #1) is DENIED.

IT IS SO ORDERED.

DATED this 22 day of August, 2005.

ANCER L. HAGGERTY
United States District Judge